# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**GERSON NUNEZ,** :
:
   **Petitioner** :
: **CIVIL NO. 3:CV-06-1285**
   **vs.** :
: **(CHIEF JUDGE VANASKIE)**
**CAMERON LINDSAY,** :
:
   **Respondent** :

## MEMORANDUM

Gerson Nunez, an inmate confined at USP-Canaan, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming that his sentence, inter alia, was unconstitutionally enhanced in violation of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), Blakely v. Washington, 524 U.S. 596, 124 S.Ct. 2531 (2004); and United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 749 (2005). Nunez has paid the $5.00 filing fee in this matter. The petition is now before the Court for screening. See 28 U.S.C. § 2243. For the reasons that follow, the Petition for Writ of Habeas Corpus (Dkt. Entry 1) will be dismissed.

I.   **Background.**[1]

On November 23, 1998, a jury in the District of Alaska found Petitioner guilty of a number of drug related offenses in violation of 21 U.S.C. § 841(a)(1) and 846. The convictions resulted in a prison term of 151 months, followed by a five-year term of supervised release. On appeal Petitioner alleged, inter alia, that the trial court unlawfully enhanced his sentence based on conduct that was neither charged in the indictment, nor presented to the jury. On August 21, 2001, the Ninth Circuit affirmed the trial court in a non-precedential opinion. See United States v. Valera, 17 Fed. Appx. 612 (9th Cir. 2001).

While the exact date Petitioner filed for collateral relief pursuant to 28 U.S.C. § 2255 is unknown, the Ninth Circuit Court of Appeals, on two occasions, denied Petitioner's applications to file second or successive 28 U.S.C. § 2255 motions. See Nunez v. USA, CA 03-74702 (9th Cir., April 27, 2005) and CA 04-72778 (9th Cir. Aug. 16, 2005).

Petitioner's present § 2241 petition challenges his sentence as unconstitutional because the trial court determined the length of his sentence on the basis of drug quantity that was not found beyond a reasonable doubt by the jury, but rather by a preponderance of the evidence based upon the presentence report, finding Nunez responsible for 41.5 kilograms of

---

[1] The following background is gleaned from the Ninth Circuit Court of Appeals' denial of Petitioner's direct appeal from an adverse decision of Judge H. Russel Holland of the United States District Court for the District of Alaska. See United States v. Valera, 17 Fed. Appx. 612 (9th Cir. 2001).

cocaine.  Nunez also asserts other claims that concern the validity of his conviction.

## II.     Discussion.

Nunez argues that he is entitled to bring his Apprendi, Blakely, and Booker claims in a § 2241 petition as he is challenging "the effect of events 'subsequent' to his sentence" – i.e. the Supreme Court had not issued its rulings at the time his appeal and § 2255 motion were filed.  When challenging the validity, and not the execution of, his sentence, a federal prisoner is limited to filing a motion pursuant to § 2255.  Coady v. Vaughn, 251 F.3d 480, 484-85 (3d Cir. 2001).  However, a challenge can be brought under § 2241 if "it . . . appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of his detention."  See 28 U.S.C. § 2255; In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).  This language in § 2255, known as the safety-valve clause, must be strictly construed.  Id. at 251.  "It is the inefficacy of the remedy, not the personal inability to use it, that is determinative."  Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002).  "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255."  Id. at 539.

Petitioner is clearly challenging the validity of his conviction and sentence. Thus, he must do so by following the requirements of  § 2255. In that it appears that he has already unsuccessfully sought § 2255 relief, he must obtain certification from the Ninth Circuit

to file another collateral challenge to his conviction and sentence. The fact that he is unlikely to secure such a certification does not render the § 2255 process "inadequate or ineffective." In this regard, the Third Circuit Court of Appeals has held that the mere fact that Apprendi, Blakely and Booker were decided after Petitioner was sentenced does not mean that § 2241 is an available means to raise claims based upon those precedents. See Estupinan v. Nash, No. 06-1379, 2006 WL 1795124, at *1 (3d Cir. June 30, 2006)(per curiam) Okereke v. United States, 307 F.3d 117, 120-21 (3d Cir. 2002)(§ 2255 motion was not inadequate where a defendant's conviction had become final and his original § 2255 motion was denied before Apprendi had been decided); Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005) (Booker/Blakely rules not retroactively applicable to cases on collateral review and thus do not provide a basis for authorizing a second or successive § 2255 motion).; see also United States v. Brown, 170 Fed. Appx. 240, 242 (3d Cir. 2006)("the rule announced in Booker, which applied the Blakely rule to the Federal Sentencing Guidelines, is not retroactively applicable to cases on collateral review where the judgment of conviction was final as of January 12, 2005, the date on which the Booker opinion was issued.").

Since § 2255 is not inadequate or ineffective to test the legality of Petitioner's conviction, his § 2241 petition will be dismissed for lack of jurisdiction. Of course, this dismissal has no effect on Petitioner's right to file a 2255 motion in the United States District Court for the District of Alaska, provided Nunez first obtains authorization from the Ninth

Circuit to do so.  An appropriate Order follows.

                                        **s/ Thomas I. Vanaskie**
                                        Thomas I. Vanaskie, Chief Judge
                                        Middle District of Pennsylvania

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GERSON NUNEZ,** : | |
| : | |
| Petitioner : | |
| : | **CIVIL NO. 3:CV-06-1285** |
| vs. : | |
| : | **(CHIEF JUDGE VANASKIE)** |
| **CAMERON LINDSAY,** : | |
| : | |
| Respondent : | |

**O R D E R**

**AND NOW,** this **27th** day of **July**, **2006**, for the reasons set forth in the foregoing Memorandum **IT IS HEREBY ORDERED THAT:**

1. The Petition (Dkt. Entry 1) is **DISMISSED** for lack of jurisdiction.

2. The Clerk of Court shall mark this matter **CLOSED.**

          **s/ Thomas I. Vanaskie**
          Thomas I. Vanaskie, Chief Judge
          Middle District of Pennsylvania